## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RYBAK COMPANIES, INC., | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| ESCANABA AND LAKE SUPERIOR RAILROAD COMPANY, | |
| Defendant. | |

Plaintiff, Rybak Companies, Inc. ("Rybak" or "Plaintiff"), by and through its undersigned counsel, for its complaint against defendant Escanaba and Lake Superior Railroad ("Escanaba" or "Defendant") states and alleges as follows:

### NATURE OF THE ACTION

1.      Escanaba is a privately owned shortline railroad company operating 235 miles of railroad in northeastern Wisconsin and the upper peninsula of Michigan. In the summer of 2025, a derailment occurred on Escanaba's railroad near Octonto Falls, Wisconsin. Escanaba requested that Rybak assist with derailment response and restoration services to assist Escanaba's return to operations. Rybak sprung into action on an emergency basis on July 7 - 8, 2025, and then continued derailment clean-up activities July 27 – 28, 2025, and August 25-26, 2025. For its services, Rybak sent three invoices to Escanaba totaling more than $180,000.00. Despite Rybak's demand, the invoices remain unpaid. Rybak brings this action seeking judgement against Escanaba for its failure to pay Rybak for the derailment services provided to Escanaba at Escanaba's request.

### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff is a Minnesota corporation with its principal place of business located at 13915 Lake Drive, Columbus, MN 55025. Rybak is therefore a citizen of Minnesota.

3.      Defendant is a Michigan corporation with its principal place of business located at 1 Larkin Plaza, Wells, MI 49894. Escanaba is therefore a citizen of Michigan.

4. Rybak brings its complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Escanaba because Escanaba operates its business in this district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the services Rybak provided to Escanaba were provided in this district.

## STATEMENT OF FACTS

7. On or around July 7, 2025, a derailment occurred on Escanaba's shortline railroad near Octonto Falls, Wisconsin.

8. Escanaba requested that Rybak provide derailment response services on an emergency basis, which Rybak did on July 7-8, 2025.

9. In exchange for its services, Rybak sent Escanaba Invoice 10209 (the "First Invoice") for $51,453.19, to be paid within 30 days. A true and correct copy of the First Invoice is attached as **Exhibit A**.

10. Due to Rybak's timely derailment services, Escanaba was able to return to operations on or around July 9, 2025.

11. Rybak continued to provide derailment clean up and restoration services to Escanaba.

12. Rybak returned to the derailment site later in July and provided services on July 27-28, 2025.

13. In exchange for its services, Rybak sent Escanaba Invoice 10210 (the "Second Invoice") for $77,934.06, to be paid within 30 days. A true and correct copy of the Second Invoice is attached as **Exhibit B**.

14. Rybak returned one more time to provide derailment clean-up and restoration services on August 25-26, 2025.

15. In exchange for its services, Rybak sent Escanaba Invoice 10263 (the "Third Invoice" and collectively with the First Invoice and the Second Invoice, the "Invoices") for

#4898-6164-8024 v2

2

$48,319.49, to be paid within 30 days. A true and correct copy of the Third Invoice is attached as **Exhibit C**.

16. The Invoices remain unpaid.

17. On November 24, 2025, Rybak informed Escanaba that due to Escanaba's failure to pay, as provided in the Invoices, finance charges were applied to Escanaba's account.

18. On December 30, 2025, counsel for Rybak sent Escanaba a Notice of Demand for Payment (the "Demand"). A true and correct copy of the Demand is attached as **Exhibit D**.

19. Escanaba failed to respond to the Demand.

20. As of March 17, 2026, Escanaba owes Rybak **$185,013.21**, plus finance charges accrued thereafter (the "Outstanding Amount"), for the derailment services Rybak provided to Escanaba.

## CLAIMS FOR RELIEF

### COUNT I
### (Breach of Contract)

21. The allegations in paragraphs 1-20 are incorporated herein by reference.

22. Escanaba breached its obligations to pay Rybak for its derailment services by failing to timely pay the Invoices.

23. Escanaba's default has not been cured and the Outstanding Amount remains due and owing.

24. As a result of Escanaba's default, Rybak has been damaged in an amount exceeding $185,013.21, plus accrued finance charges.

25. Rybak is entitled to judgment against Escanaba and in favor of Rybak in an amount no less than $185,013.21, plus accrued finance charges, to be determined at trial.

### COUNT II
### (Account Stated)

26. The allegations in paragraphs 1-24 are incorporated herein by reference.

27. On a regular basis and in the ordinary course of business, Rybak presented the

Invoices to Escanaba for the amounts due and owing to Rybak pursuant to the derailment services Rybak provided Escanaba.

28. Escanaba has not challenged the accuracy or validity of the amounts set forth on the Invoices which are presently due and owing.

29. Escanaba has failed to pay Rybak the entire Outstanding Amount as provided in the Invoices, which Outstanding Amount totals $185,013.21, plus accrued finance charges and accordingly, Escanaba is liable to Rybak for the Outstanding Amount.

30. Rybak is entitled to judgment against Escanaba and in favor of Rybak in an amount no less than $185,013.21, plus accrued finance charges, to be determined at trial.

## COUNT III
### (Unjust Enrichment)

31. The allegations in paragraphs 1-30 are incorporated herein by reference.

32. Rybak conferred benefits upon Escanaba in the form of derailment services, some on an emergency basis.

33. Escanaba requested and accepted the derailment services while failing and refusing to pay the Invoices.

34. It would be inequitable to allow Escanaba the benefit of the derailment services without payment of the Outstanding Amount.

35. Rybak is entitled to judgment against Escanaba and in favor of Rybak in an amount no less than $185,013.21, plus accrued finance charges, to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Rybak respectfully requests that this Court enter an order: (i) granting a money judgment against Escanaba and in favor of Rybak in the amount of $185,013.21, plus accrued finance charges, and such other and further relief as the Court may deem just and equitable.

DATE:  APRIL 16, 2026                                    **BALLARD SPAHR LLP**


                                                         /s/ Charles E. Nelson
                                                         Charles E. Nelson
                                                         nelsonc@ballardspahr.com
                                                         2000 IDS Center
                                                         80 South 8th Street
                                                         Minneapolis, MN 55402-2119
                                                         Telephone: 612.371.3211
                                                         Facsimile: 612.371.3207

                                                         *Attorney for Rybak Companies, Inc.*